UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II, | CASE NO.   1:09-cv-02033-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| DAVID WATSON, | AMENDED COMPLAINT DUE AUGUST 15, 2011 |
| Defendant. | |

## SCREENING ORDER

**I.     PROCEDURAL HISTORY**

On November 19, 2009, Plaintiff L.M. Daniels, II, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5). Plaintiff's Complaint is before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
2 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has
3 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
4 relief may be granted, or that seek monetary relief from a defendant who is immune from
5 such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion
6 thereof, that may have been paid, the court shall dismiss the case at any time if the court
7 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
8 granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

9       Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
10 or immunities secured by the Constitution and laws' of the United States." Wilder v.
11 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983
12 is not itself a source of substantive rights, but merely provides a method for vindicating
13 federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

14       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
15 a right secured by the Constitution or laws of the United States was violated and (2) that
16 the alleged violation was committed by a person acting under the color of state law. See
17 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
18 (9th Cir. 1987).

19       A complaint must contain "a short and plain statement of the claim showing that the
20 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are
21 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
22 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
23 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set
24 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
25 face.'" Id. Facial plausibility demands more than the mere possibility that a defendant
26 committed misconduct and, while factual allegations are accepted as true, legal
27 conclusions are not. Id. at 1949-50.

28 ////

### III. PLAINTIFF'S CLAIMS

Plaintiff alleges the following:

Defendant Watson is Plaintiff's parole officer and has designated Plaintiff a "High Control, High Risk, sexual predator, child molestor [sic]." (Compl. at 3). Plaintiff is in fact a low risk sex offender. (Id.) Defendant refuses to correct the error and, as a result, the conditions of Plaintiff's parole were more stringent than they would be if he had been properly categorized as a low risk offender. (Id.) Plaintiff is now in custody because "[Defendant] has with malice violated [the Plaintiff] on a false pretense." (Id.)

The Plaintiff does not specifically identify which of his federal rights have been violated by the Defendant. The Court perceived potential Eighth and Fourteenth Amendment claims, but finds that this Complaint does not state a cognizable claim.

#### A.   Eighth Amendment

##### 1.   Fabricated Parole Violation

Plaintiff alleges that the Defendant intentionally recorded that Plaintiff violated the conditions of his parole based on false pretenses. (Id.) Plaintiff also alleges that he is currently in custody.[1] (Id.) While the facts are not clear, the Court is proceeding with the understanding that when Plaintiff alleges he is "in custody" and has been "violated", he is asserting that the Defendant reported that Plaintiff had violated a condition of his parole, that parole subsequently was revoked, and, as a result, Plaintiff was re-incarcerated. On these facts, Plaintiff has not stated a cognizable claim.

When a state prisoner seeks monetary or declaratory relief alleging constitutional violations that would necessarily imply the invalidity of his or her conviction or sentence, and cannot establish that the underlying conviction or sentence has been invalidated, the sole federal remedy is a writ of habeas corpus, not a civil rights action. See Preiser v.

---

[1] The Complaint alleged that Plaintiff was in custody. (Compl. at 3). The most recent notice of address change filed by Plaintiff indicates he is no longer a state prisoner. (ECF No. 7). The Court has therefore presumed that Plaintiff is a former state prisoner. Irrespective of Plaintiff's custody status, section 1983 remains an improper vehicle for Plaintiff's claims for the reasons explained in the legal analysis which follows.

Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."); Edwards v. Balisok, 520 U.S. 641, 646 (1997); 28 U.S.C. § 2254.

To recover damages under 42 U.S.C. § 1983, based on an allegedly unconstitutional imprisonment, a plaintiff must show that the legality of the imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages based upon an allegedly illegal term of imprisonment that has not been so invalidated is not cognizable under § 1983. Id.; see also Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997) (Heck barred a prisoner's claim for money damages based upon prison officials' alleged denial of constitutional rights in denying release on parole).

As the Supreme Court recently stated, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The question before this court is whether Plaintiff's claims in this § 1983 action necessarily demonstrate the invalidity of the decision to revoke his parole. See Williams v. Consovoy, 453 F.3d 173, 177 (3rd Cir. 2006) (holding that prisoner may not attack the revocation of his parole via a § 1983 action because that revocation had not been rendered invalid); White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by Heck). Plaintiff is alleging that his parole officer intentionally made false allegations against him that resulted in the revocation of his parole. Were the fact-finder to agree with Plaintiff, such decision would necessarily call into question the validity of his parole revocation and reincarceration. Therefore, Plaintiff's

claim is barred by Heck.  Before Plaintiff can pursue a § 1983 claim for his parole revocation, he must show that the revocation has been reversed, expunged, declared invalid, or called into question by the granting of a habeas petition.

The Court will grant Plaintiff leave to amend.  Before Plaintiff can proceed with a claim for damages for the wrongful actions that caused his conviction and/or revocation of parole, he must allege true facts demonstrating that his conviction and sentence and/or revocation of parole have been invalidated.  See Johnson v. Schriro, 2008 WL 4137990, *1 (D. Ariz. Sept. 4, 2008).

### 2. Harassment

Plaintiff alludes to the fact that the Defendant treated him harshly, describing the Defendant's actions as "extreme irrational and unfair behavior . . . ." (Compl. at 3).  The Complaint does not allege that the Defendant was physically abusive.  Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, plaintiff fails to state a claim for harassment under section 1983.

Plaintiff will be granted leave to amend his Eighth Amendment claim.  In order to state a cognizable harassment claim, Plaintiff must allege truthful facts showing that physical contact was a part of the harassment attributable to the Defendant.

### B. Fourteenth Amendment Procedural Due Process

For the same reasons that Heck precludes Plaintiff from challenging his custody on the basis of an Eight Amendment violation, any Due Process claim the Complaint may have been advancing is also foreclosed.  See Vincent v. Borges, 2003 WL 22519412, *1 (N.D. Cal. Oct. 30, 2003).  The Court will grant Plaintiff leave to amend. If Plaintiff chooses to amend his Due Process claim, he must demonstrate that the decision regarding incarceration (here, the decision to revoke his parole and send him back to prison) has already been invalidated.

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY RECOMMENDED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 19, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3.	Plaintiff shall file an amended complaint by **August 15, 2011**; and

4.	If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:	July 12, 2011	/s/ *Michael J. Seng*
ci4d6	UNITED STATES MAGISTRATE JUDGE