UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. M. DANIELS, II,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID WATSON,<br><br>　　　　　　Defendant.<br>_____/ | 1:09-cv-02033-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 10)<br><br>CLERK SHALL CLOSE THE CASE |

　　　　Plaintiff L. M. Daniels ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in his civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

　　　　On September 19, 2011, the Court issued an Order to Show Cause, ordering Plaintiff to file an amended complaint by October 19, 2011. (ECF No. 10.) In the alternative, Plaintiff was to show cause why his case should not be dismissed for failure to comply with a Court Order and failure to state a claim. (Id.) The October 19, 2011 deadline has passed and Plaintiff has not complied with or otherwise responded to the Court's Order. Plaintiff has not filed an amended complaint or shown cause why his case should not be dismissed.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these

1 Rules or with any order of the Court may be grounds for imposition by the Court of any
2 and all sanctions . . . within the inherent power of the Court." District courts have the
3 inherent power to control their dockets and "in the exercise of that power, they may
4 impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
5 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
6 prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
7 or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
8 Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
9 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
10 amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
11 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
12 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
13 (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,
14 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
15 rules).

16 In determining whether to dismiss an action for lack of prosecution, failure to obey
17 a court order, or failure to comply with local rules, the Court must consider several factors:
18 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
19 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
20 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
21 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
22 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

23 In the instant case, the Court finds that the public's interest in expeditiously
24 resolving this litigation and the Court's interest in managing its docket weigh in favor of
25 dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of
26 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

1 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
2 fourth factor - public policy favoring disposition of cases on their merits - is greatly
3 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
4 warning to a party that his failure to obey the court's order will result in dismissal satisfies
5 the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;
6 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly
7 stated: "Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal
8 of this action for failure to prosecute." (ECF No. 10.)  Thus, Plaintiff had adequate
9 warning that dismissal would result from his noncompliance with the Court's Order.

10 Accordingly, the Court hereby ORDERS that this action be dismissed with prejudice
11 for failure to comply with the Court's September 19, 2011 Order.  (ECF No. 10.)  This
12 dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva
13 v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

16 IT IS SO ORDERED.
17 Dated:   November 2, 2011        /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE